UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RONNIE LEE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | No. 3:12-cv-00843 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| TDOC, et al., ) | |
| ) | |
| Defendants. ) | |

# M E M O R A N D U M

The plaintiff, an inmate at the West Tennessee State Penitentiary in Henning, Tennessee, brings this *pro se, in forma pauperis* action seeking judicial review of the defendants' decisions pursuant to Tennessee Code Annotated §§ 4-5-322 and 4-5-101 et seq. (Docket No. 1).

## I. PLRA Screening of the Complaint

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

## II. Analysis

The complaint does not cite to any federal provisions. Construing the *pro se* complaint liberally, and taking into account that the plaintiff filed his complaint in federal court, the court

1

could interpret the complaint to seek relief pursuant to 42 U.S.C. § 1983.

To state a claim under § 1983, a plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [the] due process violations." *Jefferson v. Jefferson County Public School Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004). Tennessee law provides a means by which individuals may challenge the orders of administrative agencies. The procedure and standards for review are set forth in the Uniform Administrative Procedures Act, codified at Tennessee Code Annotated § 4-5-322. The complaint cites the Uniform Administrative Procedures Act. (Docket No. 1 at p. 1).

The Uniform Administrative Procedures Act provides that "[a] person who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter, which shall be the only available method of judicial review." Tenn. Code Ann. § 4-5-322(a)(1). Section 4-5-322 specifies that review proceedings "are instituted by filing a petition for review in the chancery court" within sixty days after entry of the agency's final order. Tenn. Code Ann. § 4-5-322(b)(1).

Since there is a clear procedure for judicial review of the administrative orders under

Tennessee law, but the plaintiff has failed to allege or prove the inadequacy of this "postdeprivation remedy," *Hudson v. Palmer*, 468 U.S. 517, 533 (1984), the plaintiff may not seek relief before this court at this time under 42 U.S.C. § 1983.

Alternatively, the court could interpret the plaintiff's complaint as having been erroneously filed in federal district court in Nashville as opposed to a state chancery court in Nashville. The caption of the complaint states "In the District Court for Davidson County, Tennessee, at Nashville" (Docket No. 1 at p. 1) which suggests that the plaintiff simply may have been confused as to the proper venue for his claims. As per Tennessee statute, plaintiffs who wish to litigate the judicial review of defendants' administrative actions must seek review in state chancery court.

In either case, the plaintiff's claims are not appropriate for this court at this time.

## III. Conclusion

Accordingly, the complaint will be dismissed without prejudice. 28 U.S.C. § 1915(e)(2). An appropriate Order will be entered.

Aleta A. Trauger
United States District Judge